which is United States v. Askins & Miller Orthopaedics, Roland Askins & Philip Askins. Good morning. May it please the Court, my name is Robert Bramman for the United States. The crowd is leaving. There's not usually a crowd for the tax case. Sometimes it's crowded. I'm not sure I have a great deal to add to my briefs on my principal argument. In reviewing the briefs, my opponent didn't really controvert my main point that District Judge got it wrong that any legal remedy is necessarily an adequate legal remedy, even if the defendant is judgment-proof. Or my point that the District Court misapprehended this Court's decision in Rosen to reach a contrary conclusion. Help me with a prefatory question that we asked you to brief, and that was jurisdictional. Let's just assume for the purposes of my question that whatever else this proposed injunction was, it wasn't an enforce the law injunction, obey the law. It went beyond. It was more particular in detail. Let's just accept that so. Yes. Has the case become moot in the sense that the business entity is no longer with us? It's out of business? No, Your Honor. What's presented is a garden variety voluntary cessation situation. The courts are bound to ensure that a party doesn't evade the court's power by making a last… I tell you the reason, and there are a lot of ways to get at that, but I'm not sure this particular injunction is the most efficacious way as it was drafted. So help me with this for a minute. Each of the first five injunctions, there are seven in all as I read the seven paragraphs, each of the first five say to this business enterprise prospectively, we are herein after ordering you to do certain things, all of which bear upon making sure that the FICA taxes are withheld. So we're saying, one, we want to make sure that you segregate the money, keep it in a separate account for employment taxes of employees. We want you to pay over to the IRS all income and FICA taxes withheld from the employees, and so on and so forth. It's prospective in nature. But if the business entity is no longer in business, doesn't employ anybody, and prospectively has no obligation to pay any payroll tax prospectively because there's nobody about which the prospect would arise, where would there be jurisdiction? Which is not to say you couldn't hold them account for their failure to pay in the past. And it's not to say that if two orthopedic surgeons turned around and created a new company and hired new employees, you might not be able to seek some injunctive relief prospectively about them under a new business form. But I'm not sure how, if the business is really gone with the wind. It's over. It's not in Chapter 11. It's not in bankruptcy. There's been no stay. It's just gone. How you can, how the thing would not be moved in so far as the legal action you're asking for to redress the harm couldn't redress the harm prospectively. You're worried that in the future they're going to do A, B, C, and D again because under this corporate form they did it in the past. That's, I understand, the heart of the concern. But I don't see how you could enjoin them. I don't mean individually now. I mean as a business or a corporate enterprise. But I don't know more basically whether this business entity is over, whether they're out of business. We don't know. I mean it's an S corporate. We don't have any evidence certainly, but even if they were to come in. But it's not hard to find evidence. It's just that as an appellate court we're not fact finders. Why shouldn't I remand it to the district court and say, you tell us whether the case has been rendered moot, at least as to the business entity? I think the district court will need to determine that. What I'm asking is why ought we not to do that? We named the individuals as defendants too. It's common for a business like this to say, well we're just going to walk away from our half million dollar employment tax liability and start up the same business. But the injunction as to the individuals appear in paragraph six and seven. Yes. And there all you're asking is that Roland Askins III and Philip Askins notify the IRS of any new company or business. That's not moot. That's easy. Yes. And that's certainly not an obey the law injunction. For me that's easy too. But I'm not asking about clauses six and seven. I'm just asking about the first five. It would be a simple matter for Askins and Miller to reactivate its business. It's not been. That's why you said voluntary cessation here. It's an S corp. They just stopped using it. It's capable of repetition. Sure. Is what you're saying. I don't know whether this falls in with it or not. But the doctrine is, okay, so they just stopped using it. A year from now, six months from now, so it's capable of repetition and evading review. Yes. Imagine they had done this during the district court proceedings and they had said, all right, we won't use that business anymore. We'll start a new business. Case is moot. It wouldn't have been moot then any more than it is now. Would this injunction get after? Let's say that they started a new business called Miller and Askins. Would this injunction get after that new business or would you need to go and seek relief with respect to that one in a new lawsuit? I think when the case goes back, we may well modify the kind of injunction we're asking for to specify whatever business they are using. Well, you may. The question, though, is not whether you may. The question is what you would be obliged to do if you wanted to get at the new entity. You couldn't get at the new entity with the injunction as it's framed now, could you? If you didn't change the injunction, modify it, and add the new name, could you enforce this against the new entity? Well, it would be much harder to hold these individuals in contempt. Why? Why would it be harder? Because they would say there's no employment tax liability for Askins and Miller. That's right. Also, if they did a new name, you're going to argue, well, that's just getting around the injunction we've gotten that Askins and Miller can't do it. If you have an injunction against Askins and Miller, that's the current entity that they have been using. If they pick up a new name, you can say that's in effect the same thing, Judge. Right. Just under a new name, it's a sham. It's all the same thing. Obviously, to deal with a situation like this, we have to invest resources in following these people, and we would have to continue to do so in the district court no matter how they change it. I'm curious about one other thing here. While the injunctive issue was going forward, you sought damages and, indeed, got a judgment in a civil case in the amount of $272,133. It might be equivalent. I wouldn't say it's damages. That's the amount of their tax liability. You got a judgment. Yes. That's all I'm saying. Yes. But what's interesting about the judgment is that it was entered in favor of the United States against and only against Askins and Miller Orthopedics B.A., not against the individuals. And I was sort of curious about that. It's obviously the individuals you're after. I can address that. It's obviously a corporate liability, so that's an employment tax liability of the corporation. So the individuals don't have any liability to make those employees hold, the government hold? No. The way it works is if an employer withholds, we have to give the employees credit for the taxes that was withheld. Right. Otherwise, the whole system would fall apart. When a corporation fails to pay these taxes, the IRS can assess a penalty against the corporation's decision makers, those people with authority to decide which creditors to pay who knew that the taxes were not being paid. The IRS can assess a penalty equal to the amount that was withheld and not paid over. And the IRS has made those penalties against the individuals, but it still can't collect those either because there's no money in their names and accounts. That's the answer. Got you. All right. I just got out of my time. Well, you have reserved your five minutes for rebuttal, and you'll have the full time. Thank you. Good morning. Donald Christopher with the law firm of Baker & Donaldson on behalf of the defendants Askins and Miller. Let me address first the court's concern about mootness. I filed a statement with the court, and I determined that representations I made in there were in error. I think I represented that since June of last year, 2018, that Askins and Miller had collected and paid over. They were essentially out of business at that point. Are they out of business? Is the case moot or isn't it? As to the injunction proposed, the first five paragraphs. Is it a practical matter? Yes. They're out of business. What does that mean? They no longer practice medicine. The two doctors split up, Miller and Askins. Miller's in a different practice since last June. This entity's gone with the wind? Gone with the wind, yes, sir. And, in fact, I think there's other state judgments against it as well. What is it that makes you qualify that as a practical matter rather than just a simple yes or no? Well, because of the fact that an injunction against an entity that's not functioning, I view that as a practical matter, that it has no force or effect. It's blowing in the wind is all it is. Does that corporation exist at all? It continues to exist, yes. Does it have any assets? No. But has it been dissolved? No, it hasn't been formally dissolved. But we don't know any of this. This is just you telling me without anything in the record. Exactly. There's no factual record here in terms of that. Why, then, is it not the appropriate remedy for this court to remand to the district court to tell us, to find as a matter of fact, whether it's as a practical matter, gone with the wind, but as a legal matter, it still exists, or it's really moot? Because the injunction is purely prospective. It's designed to get the entity in the future to make sure that it pays up what it's obliged to pay up for these employees on the payroll tax. Why shouldn't we just send it back? There's no reason you shouldn't, Your Honor. That mootness is of a concern to the court. Well, our justiciability is the first question we have to ask, isn't it? If we don't have the power to adjudicate, and the district court didn't have the power to adjudicate this injunction, then that's the end of it. We don't go to the merits. Correct, Your Honor. Let me ask the question in a slightly different way. The district court, among other things, if I have it right, said that these were obey-the-law injunctions and therefore were unenforceable, and that was one of the reasons why it rejected the application by the United States, right? Yes, Your Honor. Why are these obey-the-law injunctions? It seems to me to go far beyond what the law says. Here's what the IRS says. You've got to pay your payroll taxes. That's not what this order says. This order is premised on the assumption that you're not doing what you're obliged to do, and therefore to effect that you comply, prospectively we're going to require you to segregate employment taxes of employees and on a semi-weekly schedule deposit them in an appropriate federal bank and so on and so forth. Those are very particular and specific obligations that this proposed injunction would ask you to do. Why would that only be in an obey-the-law injunction? Because, Your Honor, all those elements are elements that are created out of thin air by the IRS. And in this case, if you look at the statute they're relying on, 26 U.S.C. 7402, that's purely a jurisdictional statute, and injunctions is only one mention in that statute. There's all kinds of remedies. It says that the district court has jurisdiction, but it doesn't say that IRS has special powers to create injunction powers. It may be right that there's something else wrong with the proposed injunction, but what the district court said was the problem with this injunction was that it amounted to no more than obey the law. And it seems to me this goes far beyond paying your payroll taxes and says, here's how we're going to make you do it. Exactly. This has much more specificity than some of the other cases where the court dismissed it as obey-the-law injunctions. This is an obey-the-law injunction, but it tells you precisely how. Does the law require every corporate taxpayer to file an affidavit noting that they have timely made the requisite deposit? No. Why is that an obey-the-law injunction? Because, again, it's a create-the-law injunction, which in my view is even worse, because 7402 just provides the district court to hear cases. It doesn't say that you've got the power to do whatever you feel best to enforce the internal revenue laws. But better or worse, it is different than the law, right? Better or worse or neither or both, it's not exactly the law. I think it sounds like the contention you're making is this goes further than the law rather than this just tells them to obey the law. Well, it tells them to obey the law in the sense that it's prospective, but it does go certainly further than that because it provides much more detail and much more additional requirements than the law that the Congress provides for. And that's why when you look back at the history of 7402, injunctions have not been used as an IRS collection device. In this case, the IRS is attempting to use an injunction as a collection device, and they have many other remedies, far more remedies, in fact, than— Well, I think this is a fraud case where they're fraudulently not doing—it's not just a tax collection case. I mean, they're alleging they were fraudulently withholding money and not paying it to the IRS. This isn't just a collection case. I think it is, Your Honor. If there was fraud in this case, then there would have been a criminal prosecution against the principal. I'm not talking about what could have been. I'm talking about what this civil case is. They were alleging they were knowingly and intentionally not paying their taxes and taking money out of people's checks and not turning other people's money into the IRS. That's the allegations, correct? The allegation, I think, was that they had payroll tax obligations that they didn't meet. I don't think that there was any fraud allegation in here. Let me ask you this. Is Roland Askins III a doctor? Yes. Is he practicing medicine today? Yes. Is Philip Askins a doctor? He wasn't a doctor. No, he's a CPA. He's a CPA. And is he working with Mr. Askins, the Dr. Askins, still? Yes, they're brothers. Okay. So they have some business. What's the name of the business? I'm just curious. I believe it's Roland B. Askins III, P.A., I believe. I set it forth in my response to the— And are they in the same location and same everything? No. Okay. Different location, different place. In fact— Are they in the same town? Same town, yes, Your Honor. Do they have equipment there? I don't know. Okay. To my knowledge, there wasn't any equipment transferred from the Askins and Miller location to the new location. When did that business start? Which business, Your Honor? The new business. Last June, 2018. And is that P.A. a S-Corp II? I don't know, Your Honor. Okay. I assume it is, but I don't know. But when you look at the essence of what the IRS was seeking in this injunction, they're saying that any taxpayer that we find that has any past— and it's hard to define exactly what it would take— any past failure to comply with the Internal Revenue Code, we're entitled to go into the district court, and we're entitled to seek an injunction against them, and we're entitled to impose all kinds of specific requirements that aren't set forth anywhere in the code or the federal statutes. If they want to continue to conduct their business. And moreover, if they're individuals, they have to report to us before they get involved in any new business. And I submit that that is way beyond what the IRS code provides that the district court should do. And district courts then will be in the position of being like matrimonial courts that Judge Marcus was referring to earlier, where you don't pay your child support, okay? Well, you got to find out that you had the means to do it, and you diverted the money somewhere else. And so district courts have—they issue these injunctions, number one, and then they have enforcement hearings. And that's why I pointed out— Federal courts have jurisdiction over federal taxes, just like state courts have jurisdiction over matrimonial issues, child support, et cetera, right? Right. But this is a new remedy. If you look back, the IRS is not using this as a collection vehicle. And basically, what they admit in their brief is the essence, we've had difficulty collecting taxes, we've tried all these things and it hadn't succeeded, so now we're entitled to an injunction. I submit that that is not an extraordinary occurrence. It could happen every day. Well, they're saying Eskinson Miller did not make any federal tax deposits at all since July 2015. So you said they started the new business. For three years, they did not make a single—that's what the complaint says— federal tax deposit on payroll taxes. Instead, they kept the money. So why wouldn't that be a basis to come in and say, it may not be the right entity right now that you have got to report and you've got to set up a system because they're collecting the revenue, they're paying their employees to pay your taxes. After three years of not—I don't know whether that's true or not, but that wasn't disputed below. They haven't paid one federal tax deposit since July 2015. Was that contested? No, I frankly don't recall. But, no, they filed all the returns, but they did not make a number of deposits, and you may be correct in 2015. My response would be, how much? In fact, they go back and say from 10 to 15, they failed to make 12 out of the 23 deposits, even since 10 to 15. So this has been going on like 15 years. No, eight years. Right. They're practicing medicine and they have employees, but they're not making their federal tax deposits, even though they take it out of the employees' checks. They do deduct it from the employees' checks, right? Right. Okay. So my question is, why didn't the IRS come in and shut down their office and levy on all their assets, take their instruments, take their examination tables and so forth in an effort to collect a tax? The IRS didn't do that. Instead, they went to the district court in this case and sought an injunction as an end around. I would be surprised if exam tables could really cover the tax liabilities owed allegedly by your clients. Maybe that wouldn't have been sufficient. Well, again, then we come back to the crux question. Is the district court determining whether there's an adequate remedy at law or not? Should the district court determine whether any judgment is collectible or not? I submit no, the district court shouldn't look at that question because, again, as this court said in the Rosen case, and, again, that was slightly different circumstances. That was a prospective judgment to freeze assets, and they said, no, you can't freeze assets in order to make sure that your judgment is collectible. I submit, though, that the end result is exactly the same. Well, this complaint says in paragraph 22, other remedies have similarly failed. The IRS has repeatedly issued notice of intent to levy and has engaged in levy actions, but the actions have produced some success but not enough to pay all the liabilities. So they have tried to levy on something. Right, they have, Your Honor. Okay. But, again, I submit that just because you haven't failed to satisfy 100% of the taxes you claim or do is not a basis for going to the district court and seeking an injunction. Right, but you say here that what this is about is collection, but isn't the injunction by definition and, in fact, by its words, purely prospective in nature? It says, in the future, thou shalt not do A, B, and C, but you are required to do D, E, and F. I agree, Your Honor, and I submit that that's a variation of it. Collecting for past taxes due and owing, that's a means of saying in the future, because we don't trust you, we're going to tie your hands and bound your feet to proceed in a certain way to ensure that you make good on your payroll obligation. So it's not a matter of collection, at least insofar as the injunctive relief they are seeking, and that's what's before us, right? Right, but again, the question is, can you use the district court's injunctive powers and ultimately power of contempt, which is what they're seeking here, on a mere allegation that all the other panoply of remedies that the Congress gave the IRS to collect have failed to result in collection of all the tax they claim is due? That's the question. Got it. Thank you very much. Thank you. I want to make three quick points with the time I have left in addition to answering questions. I'd start out by saying I didn't have a whole lot to add to my principal argument, but I did want to add a note of outrage. This has been a brazen effort to siphon off these withholdings. There's no dispute about the amount of the liability. It's all based on the returns they filed. They just didn't include a check. It continued for eight years. It continued even after they were hailed into federal court by us. Even during the pendency of the proceedings in district court, they were still not paying over the withholdings. I don't know if my argument means that the IRS could get an injunction against any deficient taxpayer at any time, but if we can't get an injunction against these guys, then we will have lost a valuable tool that we used to provide a little additional. But you could only get an injunction against these guys if by these guys you mean the corporate entity, if the corporate entity is still alive. And if it's not, then it's moot. It's just not justiciable. You would agree with that? Yes, yes. And you would also agree, would you not, that we really can't tell based on what's said here whether it's justiciable or not because we don't know if it's still in the vernacular still alive. So I guess what I'm asking you is why isn't the wisest course for us simply to remand to the district court to have the district court determine whether it's become moot, it being the application for an injunction or at least the first five provisions relating to this corporate entity. If it's moot, you might be, that doesn't say, it's certainly not moot as to Askins III and Philip Askins. Correct. And you sought injunctive relief as to that. And it certainly isn't an enforced law injunction as to them. But I'm just asking with respect to the corporate entity. And then turn around and proceed against the new entity if you deem it appropriate. We might ask, on remand, we might ask to bring the new entity into the suit. If, indeed, the old entity was gone. Yes. And then by the time we get up on appeal on the injunction, they've stopped that entity, and then they're operating under a new entity. The new entity, yes. So it's a never-ending cycle. So that's why you say voluntary cessation. They've jumped over a new time capable of evading a review because by the time we get there, we're going to, they have moved on. I mean, I don't know whether that's a good argument, but that's the argument you make as to why it's not moot. Voluntary cessation we just referred to. We have a lot of voluntary cessation cases. The city says, okay, we won't do that anymore, and then a year later they're doing it. Yes. But isn't the problem there, when we use those voluntary cessation cases, we're talking about cities, they continue to operate. If you have a corporation that's defunct, and the injunctive relief is prospective to say, insofar as you employ people, make sure you pay your payroll taxes, and here's how we're going to ensure you do it, but they don't exist. They don't have any employees. They don't have any future obligation. They have past obligations that they may not have met. As Judge Hope pointed out, it's a simple matter for an S-Corp to transfer its business to a new name. I don't know if they're in the same office or not, but there's not a whole lot involved in changing that. But you seek injunctive relief against them individually as well? Yes. Beyond simply Askins and Askins have to notify the IRS of a change? Yes. What could you ask? What could you seek? Because if a corporation is in contempt of court, what can we do about it? We can't have the corporation be arbitrated. Right. But what can you do? I'm asking you about the individuals. And a civil monetary sanction against a corporation that already has stolen, well, misappropriated half a million dollars of tax liability, that kind of a contempt sanction. Well, I'm just asking, what can you do against the individuals? We could convince the district court that they should be incarcerated as a civil contempt sanction if they are continuing to misappropriate the withheld taxes. Do you think that this current injunction with respect to the individuals would make them liable in that way for taxes owed by any future businesses? Probably. It would have to be modified and made more clear and more detailed. Yes. If I can answer just one last question. I heard my opponent say, why didn't you shut us down? And there was a question about whether the tables could be sold, something I brought out just in response to the court's order of a couple weeks ago. The revenue officer secured a financial statement from the business in 2015 asking what it had that could be seized, at which time it said it had no real property, no business equipment, no investments or notes receivable, all it had was an old car. So that's in the record. Thanks very much. Thank you. Thank you both for your efforts, and we'll proceed to the third and last of the cases.